**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**EDEL GREGORIO MIRANDA HINOJOSA**,

*Petitioner*,

v. Case No. 2:26-cv-03137-BCL-atc

**CHRISTOPHER BULLOCK,** et al**,**

*Respondents*.

---

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

---

Petitioner Edel Gregorio Miranda Hinojosa has filed a Petition for Writ of Habeas challenging his immigration detention. Doc. 1 at 3. This Court ordered a response and further provided a window for Petitioner to file a reply to that response. Doc. 4. Petitioner has not filed a reply. For the reasons that follow, the Petition is **DENIED**.

While Petitioner has already received an initial bond hearing, he has not yet completed an appeal to the Board of Immigration Appeals. Doc. 6 at 2. This means three things.

*First*, his Petition is moot to the extent it seeks an individualized bond hearing. That is so because, to that extent, Petitioner has already received the thing he claims to seek.

*Second*, the Petition is denied for failure to exhaust administrative remedies. Petitioner has opted to ask this Court to step in and bypass the Board of Immigration Appeals.[1] Doc. 1. But the

[1] Petitioner suggests that no warrant was issued justifying his arrest, that the existence (or not) of a warrant cannot be adjudicated by immigration judges or the BIA, and that the same goes for whether an exception to the claimed warrant requirement existed. Doc. 1 at 4, 10-11. But Respondent has identified a warrant issued the same day Petitioner was detained (Doc. 6-3 at 1), and in any event Petitioner offers no authority supporting the idea that neither immigration

Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Exhaustion gives an agency "the opportunity to correct its own mistakes with respect to the programs it administers"; "discourages disregard of the agency's procedures"; promotes efficiency because "[c]laims generally can be resolved much more quickly and economically before an agency"; and "may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted). And the doctrine arguably helps to protect and promote the separation of powers, insofar as it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to reach a final decision on the Petitioner's claim through its own processes. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))). Petitioner must exhaust his remedies through the BIA before seeking judicial relief before this Court.

*Third*, to the extent Petitioner seeks judicial review of the discretionary bond determination made in the immigration process, this Court lacks jurisdiction. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.").

---

judges nor the BIA can consider whether a warrant was issued as required to justify detention or arrest (or whether detention without a warrant was justified by law).

## <u>CONCLUSION</u>

For the foregoing reasons, the Petition for Writ of Habeas Corpus (Doc. 2) is **DENIED**.

**IT IS SO ORDERED**, this 15th day of September, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE